In the Matter of the arbitration between LOCAL 501, INTERNATIONAL LADIES' GARMENT WORKERS' UNION, Petitioner,

**and**

**BARMON BROTHERS COMPANY, INC., Respondent.**

No. 76 Civ. 35 (HFW).

United States District Court, S. D. New York.

Feb. 26, 1976.

268

Max Zimny, New York City by Joseph Good, Theodore D. Kaufman, New York City, of counsel, for petitioner.

Cohen, Swados, Wright, Hanifin & Bradford, Niagara Falls, N. Y. by Jay E. Brett, Niagara Falls, N. Y., of counsel, for respondent.

## MEMORANDUM DECISION

WERKER, District Judge.

Petitioner, Local 501, International Ladies' Garment Workers' Union, petitions this court to confirm an arbitration award and direct that judgment be entered thereon in favor of petitioner and against respondent in the sum of $18,431.46 with interest from the date of the award. The petition is made pursuant to § 9 of the United States Arbitration Act, 9 U.S.C. § 9 and jurisdiction of this court is based on said provision and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

There have been state court proceedings to set aside the original arbitration award, a dismissal of a petition to compel arbitration, and finally an order to compel arbitration after a subsequent petition, which order was dated July 24, 1975. No further proceedings have been commenced in the state courts since that date. Respondent opposes this present petition on jurisdictional and substantive grounds. In the event this court takes jurisdiction, he seeks to lessen the award by $1,197.39, which represents sums paid by the employer after the expiration of the collective bargaining agreement.

## I

In regard to jurisdiction, the respondent contends that because the initial proceedings were commenced in a state court and federal courts have generally refused to entertain jurisdiction in such cases, this court should decline jurisdiction. Respondent cites *Minkoff v. Budget Dress Corp.*, 180 F.Supp. 818 (S.D.N.Y.1960). In that case, the motion to confirm the arbitration award was first made in a state court and the opposing party removed the application to the district court on the ground that the matter in dispute was one over which the United States District Court had original jurisdiction (§ 301, Labor Management Relations Act of 1947). The court said that an arbitration proceeding was a judicial proceeding and was brought at the time a motion to stay the arbitration proceeding was made. Removal of the action was not accepted because the petition for removal was not filed within 20 days from the date of motion to stay arbitration proceedings. The Agreement in *Minkoff* had predicated the arbitration and confirmation proceedings on New York State law.

In a later case *Ballantine Books v. Capital Distributing Co.*, 302 F.2d 17 (2d Cir. 1962), the Court of Appeals considered a

situation where the state court had entertained and denied a party's motion to disqualify the arbitrator, a state reviewing court dismissed the appeal as premature and a party brought a petition to confirm the arbitration award in federal court. The court said that a federal court has the power to entertain an independent action dealing with the same subject matter as an action already pending before a state court, except where the state court has proceeded so far in the supervision of an arbitration proceeding that it would be an abuse of discretion for the federal court to intrude itself. The court noted that at the time of the petition to confirm the arbitration award the state court did not have the arbitration proceeding *sub judice.*

In regard to the present petition the state courts do not have the arbitration proceedings *sub judice,* and as in *Ballantine* the petition to confirm the arbitration award is an independent action. There is consequently no jurisdictional bar to the acceptance of this petition.

## II

 Respondent contends that the award of the arbitrator should not be confirmed on the substantive grounds that a portion of the award is contrary to express provisions of federal law, specifically that petitioner is precluded by § 302(c)(5) of the National Labor Relations Act from receiving any health and welfare payments from the company for the period after January 31, 1973 because there was no written agreement with the union after that date. The agreement had expired, but the arbitrator found that both the union and the employer continued to recognize it and contributions were made on behalf of the employees in accordance with the agreement provisions.

Respondents cite *Moglia v. Geoghegan,* 403 F.2d 110 (2d Cir. 1968) for support, but in that case the employer and union had never executed a written collective bargaining agreement and employer had never executed a written trust agreement for the union's pension trust. *Bricklayers, Masons and Plasterers, Local 15 v. Stuart Plaster-*

*ing Co., Inc.,* 512 F.2d 1017 (5th Cir. 1975), also cited by respondent, involved the establishment of a payment schedule for payment to an alleged, anticipated trust fund in a collective bargaining agreement which was in fact never created.

 The general rule in regard to an arbitration award is that the merits of the award may not be reviewed by a court. *Amalgamated Food and Allied Workers Union, Local 56 v. Great Atlantic and Pacific Tea Co.,* 415 F.2d 185 (3d Cir. 1969). It is not the function of the federal courts to review the record of an arbitration proceeding for errors of law or fact, although a reviewing court may consider a claim of partiality or what could be considered a manifest disregard of the law. *Saxis Steamship Co. v. Multifacs International Traders,* 375 F.2d 577 (2d Cir. 1957).

I find that this court has jurisdiction to confirm the arbitration award and confirm the same without setoff. Submit judgment upon notice accordingly.